**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**
Judge John L. Kane

Civil Action **No. 11-cv-01177-JLK**

**MICHAEL BROEMMEL**,
    Petitioner,
v.

**HARLEY G. LAPPIN, Director, United States Bureau of Prisons,**
    Respondent.

## ORDER

**Kane, J.**

On April 26, 2011, Petitioner Michael Broemell, seeking to serve his state and federal sentences concurrently rather than consecutively, filed a motion to quash his federal detainer. Finding that Mr. Broemmel was challenging the execution, not the validity of his sentence, I ordered that his Motion to Quash be liberally construed as asserting claims pursuant to 28 U.S.C. § 2241. On May 31, 2011, petitioner filed an Application for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. In its initial response to the application, the government asserted that the Petitioner had not exhausted all administrative remedies. After Petitioner refuted that claim in his reply, the government withdrew its affirmative defense. On August 15, 2011, I ordered the government to show cause why the Writ of Habeas Corpus should not be granted, and the government filed its response to the order to show cause on September 6, 2011. Petitioner then filled a reply on September 26, 2011.

Significantly, Petitioner's reply raises a number of claims not addressed in his first application. Because Petitioner is appearing pro se in this matter, I liberally construe his brief as a

request for leave to file an amended petition pursuant to Fed. R. Civ. P. 15(a)(2). Finding that justice so requires, his motion is GRANTED and his Brief of Applicant in Support of Writ of Habeas Corpus (doc. 26) shall be treated as an Amended Petition for Writ of Habeas Corpus.[1] The government shall file a response to the amended petition no later than February 24, 2012.

Dated: January 25, 2012                BY THE COURT:

/s/**John L. Kane**
Senior U.S. District Court Judge

---

[1] Although 28 U.S.C. § 2244 requires that an applicant seeking to file a second or successive petition for writ of habeas corpus obtain authorization from the court of appeals, that requirement is inapplicable to amended petitions filed before a decision on the merits resolving the petition of which amendment is sought. *See Ching v. United States,* 298 F.3d 174, 177 (2d Cir. 2002) ("for a petition to be 'second or successive' it must at minimum be filed subsequent to the conclusion of a proceeding . . . that has reached a *final* decision") (citations omitted); *Woods v. Carey,* 525 F.3d 886, 890 (9th cir. 2008) (a pro se litigant's second petition for writ of habeas corpus, filed before a final decision on the first petition, should be liberally construed as a motion to amend his pending habeas petition).