**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**
Judge John L. Kane

Civil Action **No. 11-cv-01177-JLK**

**MICHAEL BROEMMEL**,

      Petitioner,

v.

**HARLEY G. LAPPIN, Director, United States Bureau of Prisons,**

      Respondent.

## ORDER

**Kane, J.**

On September 26, 2011, Petitioner Michael Broemmel filed an Amended Petition for Writ of Habeas Corpus (doc. 26). In that petition, he seeks: (1) an order directing the Bureau of Prisons to designate as a federal facility the state facility in which he is currently incarcerated, and (2) an order directing that his state sentence be served concurrently with his eight-month sentence for violating the terms of his supervised release.

Although he is currently being held in state custody, Petitioner is scheduled to appear before the state parole board on March 6, 2012. He anticipates that at that hearing he is likely to be granted parole and released from state custody. When Petitioner is released from state custody, the federal detainer will take effect and he will be taken into federal custody to serve his federal sentence.

Petitioner seeks an order staying the operation of the federal detainer until after the final disposition of his habeas corpus petition. In lieu of that federal detainer, Petitioner argues that his

pending federal sentence should be suspended and that he be allowed to self-surrender in the event his habeas petition is denied.

In effect if not in name, Petitioner seeks a preliminary injunction barring operation of the federal detainer pending resolution of his amended petition.  Such relief is extraordinary; accordingly, Petitioner must demonstrate that his right to stay the execution of the federal detainer is clear and unequivocal.  *See Greater Yellowstone Coal. v. Flowers*, 321 F.3d 1250, 1256 (10th Cir. 2003).  At a minimum, he must demonstrate: (1) he is likely to succeed on the merits of his habeas petition; (2) a stay of the detainer is necessary to avoid irreparable harm; (3) his pending incarceration outweighs the harm a preliminary injunction would cause Respondent; and (4) the requested injunction will not affect the public interest.  *See Crowe & Dunlevy, P.C. v. Stidham*, 640 F.3d 1140, 1157 (10th Cir. 2011).

In support of the requested relief, Petitioner argues that: he presents neither a security nor a flight risk; there exist numerous mechanisms for monitoring his behavior and ensuring his self-surrender should his habeas petition be denied; the interests of justice support the requested relief; and the relief will not prejudice any party.  These arguments fail to justify the quashing of his federal detainer.  Specifically, absent a vague assertion that he has raised a "strong claim for habeas corpus relief," Petitioner fails to address whether he is likely to succeed on the merits of his amended petition, and he has failed to demonstrate that he is entitled to injunctive relief.

Accordingly, Petitioner's Motion to Suspend Imposition of Sentence and to Quash Detainer Pending Final Disposition of Application for Writ of Habeas Corpus (doc. 31) is DENIED.  In light of the gravity of the potential harm involved in this case, however, once

Petitioner's Amended Petition for Habeas Corpus (doc. 26) is fully briefed, it will be promptly ruled on.

Dated: February 29, 2012            BY THE COURT:

/s/John L. Kane
Senior U.S. District Court Judge