IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge John L. Kane

Civil Action **No. 11-cv-01177-JLK**

**MICHAEL BROEMMEL**,
    Petitioner,
v.

**HARLEY G. LAPPIN, Director, United States Bureau of Prisons,**
    Respondent.

**ORDER**

Kane, J.

On September 10, 2010, I sentenced Petitioner to serve an eight month sentence for violating the terms and conditions of his supervised release. At the time, Petitioner had not yet been sentenced by the state court in the case that gave rise to the supervised release violation. I therefore made no ruling on whether the federal sentence should run concurrently or consecutively with the state sentence. Petitioner was later sentenced to a term of four years for his state case, followed by three years of parole.[1] Because there was no previous ruling on the issue of whether the federal sentence should run concurrently or consecutively to the state sentence, Petitioner is currently serving the sentences consecutively. 18 U.S.C. § 3584(a).

After his effort to obtain a court order specifying that his federal and state sentences were to run concurrently proved unsuccessful, Petitioner filed an application with Respondent seeking

---

[1] Although the state judge ordered the state and federal sentences to run concurrently, the state court's decision cannot alter the federal court sentence. *United States v. Eccleston*, 521 F.3d 1249, 1254 (10th Cir. 2008).

to have the state facility in which he was incarcerated designated as a federal facility for service of his supervised release violation sentence ("*nunc pro tun* designation"). Respondent denied the application, finding that I had not ordered Petitioner's state and federal sentences to run concurrently.

Five days after Respondent denied Petitioner's application for a *nunc pro tunc* designation, a U.S. Marshal detainer was lodged with the Colorado Department of Corrections, requiring him to serve the eight month federal sentence upon release from state custody. As a result of the detainer, Petitioner was transferred from a minimum security camp to a more restrictive facility for the duration of his sentence.

On April 26, 2011, Petitioner filed a Motion to Quash the federal detainer seeking a return to the minimum security facility for the duration of his sentence and requesting that the state and federal sentences run concurrently. Finding that Petitioner was challenging the execution rather than the validity of his sentence, I ordered that his Motion to Quash be liberally construed as asserting claims pursuant to 28 U.S.C. § 2241. Petitioner accordingly filed an Application for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 on May 31, 2011.

In response to this first application, Respondent asserted that Petitioner had failed to exhaust administrative remedies. Respondent later withdrew that defense, and filed its response to the substantive claims in Petitioner's application on September, 6 2011. Petitioner then filed a reply on September 26, 2011.

Petitioner's reply raised a number of new claims not brought forth in the original application. Pursuant to Fed. R. Civ. P. 15(a)(2), I liberally construed Petitioner's reply as an

amendment to the first petition.  The parties have fully briefed Petitioner's Amended Petition.  For the reasons stated below, his Amended Petition (doc. 26) is DENIED.

## DISCUSSION

In his Amended Petition, Petitioner raises nine different claims for habeas relief.  Many of these claims are, however, related.  For purposes of my analysis, I have consolidated Petitioner's analogous claims.

### *Claims 1, 2, 3: The Request for Nunc Pro Tunc Designation*

Consistent with Bureau of Prisons' policy, Respondent relied upon the factors set forth in 18 U.S.C. § 3621(b) in his review of Petitioner's application for a *nunc pro tunc* designation.  After investigating Petitioner's case, Respondent found that the nature and circumstances of the underlying offenses and Petitioner's history and characteristics weighed against granting Petitioner's application.  Furthermore, as required by BOP policy, Respondent contacted me and sought my opinion regarding Petitioner's application.  Through my law clerk, I communicated my belief that the sentences should run consecutively.  In light of these factors, Respondent denied Petitioner's application for a *nunc pro tunc* designation.

Petitioner argues that, in denying his application for a *nunc pro tunc* designation, the Respondent abused his discretion, acted in contravention of existing, uncontroverted facts, and failed to comply with established procedures.  Notwithstanding Petitioner's arguments, I may not review the substantive accuracy of Respondent's discretionary application of § 3621.  *See* 18 U.S.C. § 3625; *Standifer v. Ledezma*, 653 F.3d 1276, 1279 fn. 3 (10th Cir. 2011).  Accordingly,

I lack jurisdiction over Petitioner's substantive challenges to Respondent's determination of his request for a *nunc pro tunc* designation.

Although I have jurisdiction over Petitioner's procedural challenge, I find Respondent complied with established BOP procedures in denying Petitioner's application for a *nunc pro tunc* designation. Furthermore, I find that those procedures are entirely consistent with the governing statutory authority. Petitioner fails to establish that Respondent's denial of his request for a *nunc pro tunc* designation violates federal law or the Constitution.

### *Claim 4: Due Process*

Petitioner next argues that Respondent failed to provide him with a meaningful opportunity to participate in the *nunc pro tunc* review process. Specifically, he argues this was his only opportunity to be heard on the issue of whether he should serve his state and federal sentences consecutively or concurrently.

As a threshold matter, it is not Respondent's duty to provide Petitioner an opportunity to be heard on this issue. To the extent it is owed Petitioner, that opportunity is provided by the judicial branch. Respondent's review of Petitioner's request for *nunc pro tunc* designation provided him with all the process he was due. This does not amount to a violation of federal or constitutional law. Because Petitioner is appearing *pro se*, however, I liberally construe this claim and consider whether he was provided with a meaningful opportunity to be heard on this issue at his supervised release revocation hearing.

It is important to note that, "because supervised release hearings are not part of criminal prosecution . . . the full panoply of rights due a defendant in such proceedings does not apply." *United States v. Fay*, 547 F.3d 1231, 1234 (10th Cir. 2008) (quoting *Morrissey v. Brewer*, 408 U.S. 471, 480 (1972)). Supervised release revocation hearings are governed by a unique set of procedures, which entitle a defendant to:

> (A) written notice of the alleged violation; (B) disclosure of the evidence against [him]; (C) an opportunity to appear, present evidence, and question any adverse witness . . .; (D) notice of [his] right to retain counsel or to request that counsel be appointed if [he] cannot obtain counsel; and (E) an opportunity to make a statement and present any information in mitigation.

Fed. R. Crim. P. 32.1(b)(2).

At his supervised release hearing, Petitioner was given an opportunity to make a statement and present information in mitigation of his sentence. Notwithstanding his conclusory statements to the contrary, this constitutes an opportunity to be heard on the nature of his sentence. This does not constitute a violation of Petitioner's due process rights.

### *Claims 5, 6, and 7: Sentencing-Related Factors*

Petitioner correctly notes that at the time of sentencing I did not address whether his federal sentence should run concurrently or consecutively to his state sentence. My silence was not intended to communicate any preference on that issue; on the contrary, I reserved any statement on that issue because there was no existing state sentence with which I could consider the federal sentence running concurrently or consecutively. In light of my silence on that issue, Respondent properly concluded that Petitioner's federal sentence was to run consecutive to his

state sentence.  *See* 18 U.S.C. § 3584(a) ("Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently").

In reviewing Petitioner's *nunc pro tunc* request, Respondent sought my position on whether Petitioner's state and federal sentences should be served consecutively or concurrently. As I then stated, and recently reaffirmed, it is my belief that Petitioner should be separately consequenced for committing the new law violation and for violating his supervised release.  I am not persuaded otherwise by Petitioner's arguments, and he is not entitled to any relief on these claims.

### *Claim 8: Pattern or Practice of Inappropriate Conduct*

Petitioner claims that Respondent has engaged in an ongoing pattern or practice of inappropriate conduct.  This claim does not provide a basis for the relief Petitioner seeks. Therefore, Petitioner's assertions in this claim have been considered, to the extent helpful, as factual support of other claims in his petition.

### *Claim 9: Retaliatory Action*

Finally, Petitioner claims that Respondent has taken an impermissible retaliatory action. Specifically, Petitioner argues that almost immediately after his appeal, Respondent, in a punitive, arbitrary, and retaliatory manner, filed a detainer with the Colorado Department of Corrections. As a result of the detainer, Petitioner's custody level in the Colorado Department of Corrections was increased by ten points, causing him to be transferred from a minimum security camp to a secured facility. Petitioner claims that Respondent was fully aware of the  extremely serious and negative consequences he would experience from the imposition of a detainer and

thus Respondent's action in filing the detainer was taken in retaliation for his appeal to BOP.

It is firmly established that "[p]rison officials may not retaliate against or harass an inmate because of the inmate's exercise of his right of access to the courts." *Gee v. Pacheco* 627 F.3d 1178, 1189 (10th Cir. 2010). To prevail on his claim of retaliation, Petitioner must (1) assert that he has engaged in a constitutionally protected activity, (2) specify a responsive action that would "chill a person of ordinary firmness from continuing to engage in that activity," and (3) show causation by specifically pleading facts that show the action taken "was substantially motivated as a response to [his] exercise of constitutionally protected conduct." *Id.* I address each element *seriatim*.

*Constitutionally Protected Activity*

Petitioner claims that his appeal to the BOP qualifies as constitutionally protected activity. It has been established that filing administrative appeals implicates a prisoner's First Amendment right to petition the government . *Fogle v. Pierson*, 435 F.3d 1252, 1264 (10th Cir.2006). Therefore Petitioner's appeal satisfies this first prong of the analysis.

*Responsive Action*

Petitioner has identified Respondent's filing of a detainer as a responsive action "that would 'chill a person of ordinary firmness from continuing to engage in that activity.'" *Gee*, 627 F.3d at 1189. While it is not entirely clear that filing a detainer is so serious an action that it would effectively cause an inmate to cease any attempt to access the courts, in the absence of any counter argument by the Respondent I generously construe Petitioner's allegations as having satisfied this element.

*Causation*

In order to show that Respondent's action was retaliatory, Petitioner must recite facts that indicate the action was substantially motivated by his exercise of a protected action. *Id.* Petitioner is not, however, sheltered from the standard procedures and conditions of confinement merely because he has engaged in a protected action. *Peterson v. Shanks*, 149 F.3d 1140 ,1044 (10th Cir.1998). Thus Petitioner bears the burden to show that "but for the retaliatory motive, the incidents to which he refers, including the disciplinary action, would not have taken place." *Id.*

In support of his retaliation claim, Petitioner alleges that shortly after BOP's denial of his petition, Respondent filed a detainer with the Colorado Department of Corrections. While this fact could implicate retaliation, temporal proximity between the inmate's grievance and the administrative action does not itself constitute sufficient circumstantial evidence of retaliatory motive. *See e.g., Friedman v. Kennard*, 248 Fed. Appx. 918 , 922 (10th Cir. 2007). Other than temporal proximity, Petitioner has failed to present any evidence supporting his retaliation claim. Furthermore, the issuance of the detainer was a routine exercise of the U.S. Marshal's statutory authority. *See* 28 U.S.C. § 566(c).

Petitioner has failed to establish that Respondent's alleged retaliatory motive was the but for cause of the issuance of a detainer and his subsequent transfer to a secured facility. Thus petitioner has not stated a sufficient claim of retaliation.

CONCLUSION

Petitioner has failed to establish that he is in custody in violation of the Constitution or the laws of the United States.  Accordingly, he is not entitled to relief under 18 U.S.C. § 2241 and his Amended Petition for Habeas Corpus Relief (doc.  26) is DENIED.

Dated: March 23, 2012               BY THE COURT:

**/s/ John L.  Kane**
Senior U.S. District Court Judge